IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMUEL MASON,
        Plaintiff,

vs.                                   3:06cv325/MCR/MD

DR. DELGODA,
        Defendant.

## O R D E R

      This cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983. Plaintiff was incarcerated at Okaloosa County Department of Corrections at the time the events giving rise to this complaint took place, although he has since been released. Plaintiff now names Dr. Delgoda as the lone defendant in this action. Plaintiff alleges that he was admitted to Okaloosa County Corrections on April 20, 2006.[1] He states that he has a "serious medical condition" which is explained in the complaint only as a "serious back injury." From plaintiff's allegations, it appears that he had previously scheduled appointments regarding this condition, but he was not allowed to keep the appointments due to his incarceration, and that Dr. Delgoda did not prescribe him any medication or physical therapy and suggested that the best thing for plaintiff to do would be to "get out of jail." Plaintiff maintains that his condition worsened during his 85 day incarceration until he was released on August 14, 2006. He claims that Dr. Delgado knowingly neglected his medical needs. He states that he would like the doctor to be

---

[1] Court records indicate that plaintiff was arrested for violating his drug offender probation. Case No. 2004 CF 002417 S. He was sentenced to a term of eleven months 29 days, but defense counsel moved for a reduction in sentence, which was granted, and his sentence was reduced on August 14, 2006 to time served.

disciplined and put under review, for "no one else to go through the same thing" and unspecified compensation for his pain and suffering.

As plaintiff was previously advised, a claim for an Eighth Amendment violation arising out of alleged medical mistreatment may arise from prison doctors' failure to respond appropriately to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care. *Estelle*, 429 U.S. at 104-05; 97 S.Ct. at 291. Prison officials may also be found deliberately indifferent for failing to treat an inmate's pain. *McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999). In cases where the risk of harm is obvious, the subjective state of mind may be inferred. *Hope v. Pelzer*, 122 S.Ct. 2508, 2514 (2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 842, 114 S.Ct. 1977, 128 L.Ed.2d 811 (1994)). However, not every claim by a prisoner that he has not received adequate medical treatment states an Eighth Amendment violation. *McElligott*, 182 F.3d at 1254 (quoting *Estelle*, supra). Deliberate indifference is not established "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). Plaintiff must show (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence. *McElligott*, 182 F.3d at 1255. Proof that defendant should have but did not perceive a risk is insufficient. *Campbell v. Sikes,* 169 F.3d 1353, 1364 (11th Cir. 1999). Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. *Murrell v. Bennett*, 615 F.2d 306, 310, n.4 (5th Cir. 1980). Not all complaints concerning medical treatment are actionable:

> A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 106, 97 S.Ct. at 292 (footnote omitted); *see also, Campbell*, 169 F.3d at 1363. In this case, plaintiff specifically alleges that Dr. Delgoda was negligent in his

treatment of the plaintiff.  Furthermore, plaintiff does not provide sufficient factual detail about his medical condition, the treatment allegedly prescribed by "outside" physicians and denied by Dr. Delgoda, from which the court can assess whether it was a "serious medical need" under the constitutional standards set forth above.  Similarly, his complaint does not allege facts that could lead the court to conclude that Dr. Delgoda acted with malice or deliberate intent to harm or punish the plaintiff.

In amending, plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.   If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint," and otherwise following the instructions set forth in the court's previous order.  Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself.  Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint, except for copies of necessary administrative grievances.  The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.  Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.  Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983.  This case number should be written on the form.

2. The plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

      3.   Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 11th day of September, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**